IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER EARL ODEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 2:16-cv-8060-VEH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**MEMORANDUM OPINION**

I. **Procedural History**

On June 14, 2016, Christopher Earl Oden filed with a counseled motion pursuant to 28 U.S.C. §2255. (Doc. 1). He asks this court to vacate the sentence imposed upon him on September 25, 2012, in case 2:12-CR-201-JHH-RRA[1]. (Crim. Doc. 12). Mr. Oden was found guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (*Id*.). At sentencing, the court applied the Armed Career Criminal Act ("ACCA")[2] enhancement based upon its finding that Mr. Oden had three or more prior convictions that qualified as "violent felonies" under the ACCA. Without that enhancement, the statutory maximum sentence authorized by

---

[1] The sentencing judge has since retired. This matter was randomly assigned to the undersigned district judge.

[2] 18 U.S.C. § 924(e).

law (absent other statutory provisions, none of which are at issue in this case) was 120 months.

At the parties' joint request (Doc. 5), this Court stayed this action on July 19, 2016, pending a decision by the Eleventh Circuit Court of Appeals in either of the following cases: *United States v. Heard*, No. 15-10612, or *United States v. Gundy*, No. 14-13113. The Eleventh Circuit decided *United States v. Gundy,* 842 F.3d 1156 (11th Cir. 2017) in a published opinion issued on February 22, 2017. On February 23, 2017, the Government notified the Court of the *Gundy* decision. (Doc. 7). The Court lifted the stay and ordered Mr. Oden to show cause why his petition should not be dismissed or denied in light of that decision. (Doc. 8). Mr. Oden replied on March 13, 2017. (Doc. 9). However, on June 16, 2017, the parties advised the Court that a petition for writ of certiorari as to the *Gundy* decision was pending before the United States Supreme Court and asked this Court to further stay this action pending a decision by the Supreme Court. (*See* Docs. 11 and 13). The Court agreed and accordingly stayed this action again. (Doc. 14). On October 4, 2017, the Government advised this Court that the Gundy petition had been denied. (Doc. 15). On November 6, 2017, the Court ordered the parties to show cause why the stay should not be lifted and to file any remaining arguments. (Doc. 16). The parties have now done so. (Docs. 17 and 18). The matter is therefore ripe for submission.

**II.     Issue Presented**

The premise for Mr. Oden's motion is that application of the ACCA enhancement to him was error in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), as made retroactively applicable by *Welch v. United States*, 136 S. Ct. 1257 (2016). (Doc. 1 at 3)("In light of *Johnson v. United States* [...] and *Welch v. United States* [...], Mr. Oden is entitled to be resentenced without the ACCA enhancement because his Alabama and Georgia burglary convictions no longer qualify as violent felonies.").

### III. THE UNDERLYING CRIMINAL CASE[3]

2. <u>The Underlying Criminal Case.</u> In May 2012, Mr. Oden was charged with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Crim. Doc. 1).

   a. He pleaded guilty to the charge in June 2012. (Crim. Doc. 9.)

   b. The Presentence Investigation Report ("PSR") recommended that Mr. Oden's sentence be enhanced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). (PSR, ¶ 17). The ACCA provides for an increased sentence for a defendant who is convicted under 18 U.S.C. § 922(g)(1) and has three prior violent felony or serious drug offense convictions. The PSR counted the following convictions as violent felonies for application of the ACCA:

      i. 2005 Alabama burglary, third degree, *id*. ¶¶ 19, 31;

      ii. 2007 Georgia burglary (four counts), *id*. at ¶¶ 19, 32.

   c. Without the ACCA enhancement, the maximum sentence Mr.

---

[3] This section is copied verbatim from the motion (including numbering), as it is not disputed by the Government and it is consistent with the court record.

Oden could have received was 10 years (120 months). *See* 18 U.S.C. § 924(a)(2). However, as an armed career criminal, he faced a mandatory minimum 15-year (180-month) sentence and a statutory maximum sentence of life. *See* 18 U.S.C. § 924(e)(1).

    d.    The Court sentenced Mr. Oden to 172 months and 20 days in prison, which included credit for 15 months and 10 days he had served related to Jefferson County, Alabama case CC-11-4420. (Crim. Doc. 12.)

3.    <u>Direct Appeal.</u> Mr. Oden did not appeal his conviction or sentence.

4.    <u>Post-Conviction Litigation.</u> The instant motion is Mr. Oden's first motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

## IV. **Analysis**

Mr. Oden initially argued that none of Mr. Oden's burglary convictions (one under Alabama law and four under Georgia law) qualify, after *Johnson*, as violent felonies under the ACCA and thus he should be resentenced without application of the ACCA enhancement. (Doc. 1). However, in light of the intervening <u>binding decision</u> of the Eleventh Circuit Court of Appeals in *United States v. Gundy*, 842 F.3d 1156 (11th Cir. 2017), he now argues he "does not disagree with the government's description of *Gundy* or his PSR and leaves the merits of the § 2255 claim to the Court in light of *Gundy*." (Doc. 9 at 5; *see also* Doc. 18).[4] In sum, because Mr. Oden had four Georgia burglary convictions, at this point the parties

---

[4] Further, the Government has stated that the petition is timely and in any event has affirmatively waived any timeliness defense. (Doc. 11).

are not arguing about Mr. Oden's singular Alabama burglary conviction or any procedural bar.

In *Gundy*, the Eleventh Circuit Court of Appeals that held that Georgia burglary is divisible into generic and nongeneric forms of burglary, so that a conviction for Georgia burglary may be deemed a conviction for generic burglary *i.e.*, unlawfully entering a building or structure with the intent to commit a theft, if the conviction is supported by *Shepard* documents. *United States v. Gundy*, 842 F.3d at 1166-69. As set out in the PSR and adopted by the Court, each of Oden's four Georgia burglary are convictions for generic burglary because the indictments for each of those convictions all charged him with burglarizing traditional "buildings," i.e. T&D Mechanical, Inc. and Tom's Foods, Inc. See PSR, ¶ 32 (reviewing indictments). *Accord Gundy*, 842 F. 3d at 1168-69 (looking to indictments to conclude that Gundy was convicted of generic robbery under Georgia law). Because Oden has four qualifying violent-felony predicate offenses, his sentence was validly enhanced under the ACCA.

## V. Conclusion

Because Oden has, after retroactive application of the holding in *Johnson*, four prior convictions for Georgia burglary that qualify as predicate convictions for purposes of the ACCA enhanced penalty, his motion is due to be, and hereby is, **DENIED**. This case will be **DISMISSED WITH PREJUDICE**. Additionally, the

Court finds that Oden is not entitled to a certificate of appealability.

A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. *See* 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id*. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.' " *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Oden has not made the requisite showing in these circumstances.

**DONE** and **ORDERED** this the 15th day of November, 2017.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge